## BETTIS, EXECUTOR, &C., *vs.* SAINT.

[ACTION ON PROMISSORY NOTE—PLEA OF STATUTE OF LIMITATIONS.]

1. *Presumption in favor of judgment.*—In a suit on a promissory note, where the record shows a judgment on verdict for the plaintiff, while it appears from the bill of exceptions that the defendant pleaded the statute of limitations, that evidence of a subsequent promise was introduced, and that a charge was asked by the defendant predicated on that evidence, it will be presumed, on error, that a replication was filed, and that an issue was before the jury to which the evidence and the charge were applicable.
2. *Exceptions to statute of limitations prescribed by Code.*—A suit commenced within one year from the time the Code went into operation, on a cause of action subsisting at the time of its adoption, is expressly exempted (Code, § 2502; Pamphlet Acts 1853-4, p. 71) from the influence of its provisions as to the limitation of actions.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. C. W. RAPIER.

The record in this case shows the following facts : On the 16th March, 1852, James H. Saint, the appellee, commenced an action of assumpsit against John Bettis, on a promissory note for $56 12, dated March 24, 1846, and payable one day after date; but the writ was returned by the sheriff "not found." On the 15th September, 1853, Saint instituted suit, by summons and complaint under the Code, against James

R. Bettis, the appellant, as executor of John Bettis, deceased, to recover the amount of the same note; and in this suit, on the 28th October, 1854, a judgment was rendered for the plaintiff, on the verdict of a jury, for the amount of the note and interest. A bill of exceptions also appears in the record, in these words : "This day (October 28, 1854) this cause came on to be heard. The defendant pleaded the statute of limitations of six years, in the form required by law; and upon the trial of the cause proof was made tending to prove a verbal recognition of the debt sued on, by John Bettis, deceased, the defendant's testator, in 1848, and there rested his case. The defendant, by his counsel, then asked the court to charge the jury, that unless the plaintiff proved a partial payment of the debt sued on, either by the defendant or his testator, or a written promise to pay said debt within six years, by either of them, before the commencement of this action, the jury could not, in this action, find for the plaintiff; which charge the court refused, and the defendant excepted."

The errors now assigned are, 1st, "because the record shows that the verdict should have been for the defendant below;" 2d, "because the court refused the charge asked by the defendant;" and 3d, "because it is manifest that the word '*written*,' found in the bill of exceptions, must be an error in the bill, and the charge asked must have been as set forth leaving out that word."

WILLIAMS & COCKE, for the appellant, contended,—

1. That the record shows that the verdict should have been for the defendant. The note sued on, which is set out, was due more than six years before the suit was brought; the only plea was the statute of limitations of six years; and the record does not show any replication by plaintiff. Upon this state of the record, only a general replication, taking issue on the facts of the plea, can be presumed; and on such an issue the verdict should have been for the defendant. Besides, the bill of exceptions states that there was evidence "tending to show a verbal recognition of the debt"; and such evidence was not sufficient to remove the bar.—Crawford v. Childress, 1 Ala. 489.

2. The charge asked should have been given. It cannot

be contended that the action brought in March, 1852, was the same as the present.—1 Stew. & P. 200. Under the law which was in existence when the suit was brought, (Code, § 2490,) the plaintiff could not recover, without showing either a part payment, or an acknowledgment and promise to pay in writing; and this law is not affected, so far as this case is concerned, by the act of February 15, 1854.—Woart v. Winnick, 3 N. H. 673. The note was barred before the Code went into operation. It was certainly competent for the legislature to prescribe the kind of proof necessary to remove the bar; and the Code does nothing more.

WATTS, JUDGE & JACKSON, contra, insisted,—

1. That the statute of limitations had not perfected a bar when the first writ was issued, 16th March, 1852.

2. That, if the first writ was not the commencement of this suit, the record does not show when the statute effected a bar, counting from the maturity of the note; since it does not show when John Bettis died, nor when letters testamentary were granted to his executor; and his death before the maturity of the note would suspend the operation of the statute until the lapse of six months after the qualification of his executor.

3. That the charge asked was properly refused, even if six years had elapsed before the commencement of the suit; because the recognition of the debt in 1848, as proved, postponed the bar for six years from that time; and the provisions of the Code could not destroy the legal effect of this promise, without violating the constitution in impairing the obligation of contracts.

CHILTON, C. J.—The judgment entry recites that a jury came to try the issue joined, which they found for the plaintiff; and having assessed the plaintiff's damages at ninety-five dollars, judgment was thereupon rendered for that amount. No replication appears in the pleading to the plea of the statute of limitations of six years; and the appellant says we must intend that issue was taken on that plea, and then maintains that the record shows the verdict should have been for the defendant.

Bettis, executor, &c., v. Saint.

This might have furnished good ground for a new trial; but we have no power to order new trials, or to interfere with the verdicts of juries, because they may have found against the evidence. But we must assume that there was an issue before the jury, appropriate to the charge asked by the defendant below; otherwise, the charge would have been abstract, and properly refused for that reason. The admission of proof of a subsequent recognition of the debt, as well as the charge asked, proceeds upon the idea of an issue to which they were applicable.

The only question presented by the bill of exceptions, is whether the section of the Code (§ 2490) which declares that " no act, promise or acknowledgment is sufficient to remove the bar to a suit created by the provisions of this chapter, or is evidence of a new or continuing contract, except a partial payment made upon the contract, by the party sought to be charged, before the bar is complete, or an unconditional promise in writing, signed by the party to be charged thereby," applies to the verbal recognition of the debt shown in this case. The charge brings up this question, inasmuch as it assumes that a verbal promise to pay, which the jury might have inferred from the evidence tending to show a recognition of the debt within six years, was not sufficient to take the case without the influence of the statute.

The action in this case was brought on the 15th Sept, 1853, within less than one year from the time the Code went into operation. The Code provides, that the provisions of the chapter of which section 2490 forms a part, " apply to all subsisting causes of action, except such as suits have been commenced upon, and are now pending, and those upon which suits may be commenced within one year from the time this Code goes into operation."—See Code, § 2502. So, by the expresss terms of this section, the case before us forms an exception, and is taken without the influence of the provision insisted upon as applicable by the counsel for the appellant. But, if this view were doubtful, the act of 1853-4 (Pamphlet Acts, p. 71) clears up that doubt, and, by express terms, makes the old law apply; so that, whether we look to the Code or to the subsequent act of 1853-4, it is clear the charge was properly refused.

Judgment affirmed.