# Southern Ry. Co. *v.* McGowan.

*Action for Damages for Injury to Employe.*

(Decided March 2, 1907.   43 So. Rep. 478.)

1. *Master and Servant; Injury to Servant; Action; Jury Question.*—It was a question for the jury to determine whether the handle of a car broke from its insufficiency to perform the service for which it was used or from a latent defect unknown to the master.

2. *Same.*—If the jury find that the breaking of the handle of a car was due to its insufficiency to perform the service for which it is used, it is still a question for them to determine under the evidence whether the insufficiency of the handle was known to the defendant so that he assumed the risk.

3. *Action; Complaint; Single Cause.*—A count ascribing the injuries of plaintiff to the negligence of the defendant's superintendent in failing to keep the handle of the hand car in proper order and negligently permitting plaintiff to use it while in a defective condition is not subject to demurrer as setting up two separate causes of action.

4. *Master and Servant; Injury to Servant; Complaint.*—The count was not subject to demurrer for failing to show that the superintendent knew, or was negligent in not knowing of the defective condition of the appliance used, or for not showing that the alleged defective condition of the appliances used arose from defendant's negligence, or that it did not show that the car was in a defective condition.

5. *Same; Pleading; Contributory Negligence.*—A plea of contributory negligence for failing to choose a safe place in which to work but which does not allege that a safe place was known or apparent to plaintiff, was bad on demurrer.

6. *Same; Assumption of Risk.*—A plea of assumption of risk asserting that plaintiff was aware of the defect, that the defect was obvious and that if plaintiff remained in defendant's service without requesting the defendant to repair the same he assumed the risk, but failed to state that plaintiff knew or appreciated the risk arising from such defect, was bad on demurrer.

7. *Same; Knowledge of Defects by Master.*—If the master knows of the defect in his machinery, a servant does not assume

the risk connected therewith by failing to give the master notice of the same, although he may not know that the master knew of the defect.

8. *Same; Evidence; Admissibility.*—It was competent to permit plaintiff to prove that handles made of other wood could as easily have been put in as the one used since the failure of the defendant to get a better handle than the one used when it was as convenient to do so was a circumstance to be considered by the jury.

9. *Same; Evidence; Rules of Work.*—Where the plaintiff was injured by falling from a hand car while riding backward, and there was conflict in the evidence as to the existence of a rule forbidding employes to ride backward while working it was competent to show that others had been riding backward as tending to show non-existence of the rule.

10. *Apppeal; Review; Presumption.*—Where the bill of exceptions shows that leave was granted plaintiff to amend his complaint so as to claim damages for a rupture, though the record does not show that the pleadings were is fact so amended, it will be presumed that the amendment was made to sustain the action of the trial court in admitting evidence on this point.

11. *Evidence; Admissibility; Conclusion.*—Where plaintiff was injured by falling from a hand car while riding backward the court properly sustained an objection to the question whether or not he would have been injured had he occupied some other position, since the answer would have been a mere conclusion.

12. *Master and Servant; Injuries to Servant; Instructions.*—The plaintiff was injured by falling from a hand car while riding backward, and the court instructed the jury that if it was not more dangerous for plaintiff to occupy the position he was occupying when he fell, except by reason of defendant's negligence or a defect in the handle of the car, then the fact that he did occupy that position would not bar a recovery unless the plaintiff knew of the danger. Held, proper.

13. *Same; Duty of Master; Jury Question.*—The court properly charged the jury that it was for them to determine whether the defendant was negligent in failing to remedy the defect in the handle of the car.

14. *Same; Assumption of Risk.*—An employe assumes only the risks incident to his employment and is not bound to give the master notice of defective appliances where the master knew of such defect.

15. *Damages; Personal Injury.*—In an action for personal injury the plaintiff, if entitled to recover at all, can recover such damages as a jury think proper under the evidence not to exceed the amount claimed.

16. *Master and Servant; Injury to Servant; Instructions; Contributory Negligence.*—The court properly instructed the jury that if plaintiff could reasonably have used a less dangerous way of working the car, this would not bar his right of recovery, unless it appeared that he knew he was using the more dangerous way and that such use was negligent and that this negligence was the proximate cause of his injury.

17. *Same; Duty of Master.*—The court properly charged that it was the duty of defendant to use reasonable prudence in selecting a handle for the car and that plaintiff had the right to assume that the handle furnished was reasonable safe, unless he knew it was not, and he was under no duty to examine the handle.

18. *Same; Instructions General.*—The court properly instructed the jury that if the defective condition of the handle of the car was due to the negligence of the defendant and defendant negligently omitted to remedy the same the jury should find for the plaintiff, unless plaintiff own negligence contributed to his injuries.

19. *Same.*—The court properly refused to instruct the jury that the plaintiff could not recover if he knew the kind of wood used and its weakness, whether he knew it was dangerous to use such handle or not.

20. *Same.*—A charge asserting that there was no implied warranty on the part of the master that the tools or appliances furnished a servant were sound and fit for use was properly refused.

21. *Trial; Instructions; Proximate Cause.*—A charge is invasive of the province of the jury which asserts that the jury could not find that the defect in the handle was the proximate cause of the injury.

22. *Same; Assumption of Risk.*—Since the knowledge of the defect may not have apprised the plaintiff that it was dangerous to use the handle the court properly refused to instruct the jury that if the conditions of the handle was open to ordinary observation plaintiff could not recover.

23. *Same; Misleading Instructions.*—A charge asserting that the defendant is not bound to see that the handle of the car was free from such defect was properly refused, as tending to mislead the jury to conclude that there was no duty upon defendant to see that the handle was not defective although its defective condition may have been apparent in the examination.

24. *Master and Servant; Injury to Servant; Action; Instructions.*—Where the complaint alleged that the hnadle of the car was weak and insufficient, that it was made of cedar, that it was

split, that it was hollow, and that it was unsafe, the court improperly instructed the jury that the plaintiff could not recover if it was shown that the handle was insufficient and weak, as the charge relieved the plaintiff of proving other defects particularized and averred.

APEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by John McGowan against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded on rehearing.

This cause was tried on the amended second count, which is as follows: "Plaintiff claims of the defendant, the Southern Railway Company, a corporation, the sum of $1,990 as damages for the injury inflicted upon plaintiff, as stated in this complaint, for that, at the time plaintiff was injured, defendant was operating a railroad in this county, and plaintiff at said time was an employe in the service of the defendant in the said business; that plaintiff, in the performance of his duties as such employe, was assisting in propelling a hand car on defendant's railroad on or about the 25th of February, near Facklers, in Jackson county; that while so engaged the handle of said hand car broke and caused plaintiff to fall in front of said hand car, and that after falling said hand car ran upon him and dragged him some six or eight feet, breaking one of his ribs, and mashing and bruising and injuring his leg, hip, and thigh, causing him great mental and physical pain and suffering, and also causing him to employ at great expense a physician for the treatment, and to expend large sums of money for medicine, and to lose his time from labor since this occurrence, and by permanently in a measure disabling him from work. And plaintiff avers that the handle of said car was weak and unsafe for service, and plaintiff avers that his injuries were caused by reason of the negligence of Henry Farmer, who was in the service or employment of the defendant, and who had, under his said employment, the superintendence of said car and the use thereof, and also superintendence of plaintiff, and that whilst in the exercise of such superintendence the said Henry Farmer negligently failed

to keep the handle of said car in proper order and condition for use in defendant's service, and negligently allowed the use of said car by plaintiff in defendant's service in the said defective condition, to plaintiff's damages aforesaid."

Demurrer was interposed to this count: "Because it joins in one count two separate and distinct causes of action, arising under section 1749 of the Code of 1896 known as the 'Employer's Liability Act.' (2) It does not show that said Henry Farmer knew, or was negligent in not knowing, that said handle of said car was in a defective condition. (3) It does not show that said defective condition arose from, or had not been discovered or remedied owing to, defendant's negligence or the negligence of its agent intrusted with the duty of seeing that the same was in proper condition. (4) Because it does not show that said car was in a defective condition. (5) Because it does not show that said Farmer knew that said car was in a defective condition. (6) Because it does not show wherein said Farmer is negligent."

To this count, after demurrer overruled, the defendant filed pleas C and D, among others, which are as follows: "(C) Plaintiff proximately contributed to the injury and damage complained of by his own negligence, in this: He was holding said lever near the end, and was in front with his back turned in the direction the hand car was going, although there was plenty of room on the inside of the handle, which was a safer place for him to occupy, than that which he did assume, and, had he taken such position, he could not have been injured as alleged. (D) Plaintiff, when said injury occurred, was riding in said car in front of handle, with his back turned in the direction the car was going, and had hold of said handle near the end; whereas, there was a safer position he could have occupied in the discharge of his duties, namely, on the inside of or behind said handle, and fronting the way said car was going, and it was his duty to occupy said last-named position, and by his failure to do so he proximately contributed to the damage and injuries complained of."

Demurrers were interposed to C as follows: "(1) It does not show that plaintiff knew of the safer place. (2) It does not show that plaintiff was negligent in occupying the position alleged in said plea, and holding the handle as alleged." And to plea D: "It does not show that plaintiff knew of said alleged safer position, and it fails to show any negligence on the part of the plaintiff."

Plaintiff filed pleas 4, F, and G, as follows: Plea 4: "Plaintiff, after becoming aware of the existence of said defect, remained in defendant's service without notifying defendant thereof or requesting defendant to repair the same." Plea F: "Plaintiff had been working on said hand car for about two months, and knew the condition of said handle, and with such knowledge continued to use such handle without objection or request that the same be repaired." Plea G: "The condition of said handle is obvious, and, if it was in a defective condition, plaintiff assumed the risk attendant upon its use by him."

Demurrers were interposed to these pleas as follows: To plea 4: "For that said plea fails to show that plaintiff's act in remaining in defendant's service as alleged was a negligent act. (2) Said plea fails to show any act of negligence by plaintiff. (3) For aught that appears from said plea, defendant knew of said defects." To plea F: "(1) It does not show there was any obvious danger in using the handle. (2) It does not show that plaintiff knew of any danger in using said handle. (3) It does not show any act of negligence on plaintiff's part in using said handle." To plea G: "Because it does not show that plaintiff acted negligently in using said handle. (2) It does not show that plaintiff had knowledge of any danger in using said handle. (3) It is not alleged that there was obvious danger."

The plaintiff filed a replication to plea 3 as follows: "That the defendant already knew of said defects." Demurrers were interposed to this replication: "For that it does not appear therefrom that plaintiff was aware that defendant knew of said defects; and for that it is a departure from the first count of the complaint." These demurrers being overruled, the defendant re-

joined, and said that plaintiff remained in the service or employment of defendant for an unreasonable time after he became aware that defendant knew of said defect and after defendant had failed to repair the same. Demurrers were interposed to rejoinder as follows: "For aught shown by the rejoinder, the plaintiff continued in defendant's service at defendant's instance. Said rejoinder is irrelevant to any issue raised, as to any matter previously pleaded. The fact, if it be a fact, that plaintiff remained in the service of defendant, is no answer to discharge defendant of negligence."

The facts are sufficiently stated in the opinion.

In his oral charge to the jury the court said: "If it was not more dangerous for plaintiff to occupy the position he was occupying when he fell; except by reason of defendant's negligence or a defect in the handle of the car, then the fact that he did occupy that position would not bar a recovery, unless you should find that the plaintiff knew the position he was occupying when he fell was more dangerous than the one he left. Whether the defendant was negligent, as is charged in the complaint, or whether there was a defect in the handle, or whether such defect or negligence made the position occupied by the plaintiff when he was hurt more dangerous, you must determine from the evidence." And: "The employe, or the plaintiff in this case, would assume ordinarily the risk only of such dangers as are incident to his employment." And: "If the section foreman knew of the defect, if there was a defect, and if the plaintiff also knew of it, he was not bound to give any notice of it." And: "It is not necessary for plaintiff to prove that the hollow or split in the handle was the cause of the injury. It is simply necessary to show that the handle was an unsafe timber to operate the car with; that is, you must be reasonably satisfied from the evidence that it was unsafe for the service." And: "It is not necessary to a recovery under the first count to prove that all the defects named therein caused the injury." And: "If you find that plaintiff is entitled to recover, then he is entitled to recover such an amount as under the evidence, you think proper—such an amount as you in your discretion see fit—not exceeding the amount

claimed in the complaint." And in this connection the court said, if plaintiff was entitled to recover, he should have reasonable compensation for pain and suffering and loss of time and physical injury sustained by him, caused by defendant's negligence, and that the amount of damages lay in the discretion of the jury, which should not be more than fair and reasonable compensation for plaintiff's sufferings and injuries. Exceptions were reserved to all these portions of the court's oral charge.

At plaintiff's request the court gave the following written charges: "(1) The court charges the jury that, if it appears from the evidence that plaintiff could reasonably have used a less dangerous way to work the handle of the lever of the car, this will not of itself bar his recovery. It must further reasonably appear from the evidence that the plaintiff knew he was using a more dangerous way, that such use of a more dangerous way was negligence, and that this negligence was the proximate cause of his injuries. (2) The court charges the jury that it was the duty of the defendant to be reasonably prudent and cautious in selecting a handle for the lever of the car, and that when the handle was put in the lever, if plaintiff then and thereafter used it in his duties under his employment, then plaintiff, in using the handle, had the right to assume it was reasonably safe for service, unless he knew it was not so. (3) The court charges the jury that the plaintiff was under no duty to examine the handle to see if it was all right; but he had the right in law to assume it was fit for service, and could act upon this assumption in using it, unless he knew it was not safe for service. (4) The court charges the jury that if they are reasonably satisfied from the evidence that the plaintiff's injuries were caused by reason of the defective condition of the handle of the lever of the car, in that said handle was weak and insufficient for the service, and that it was made of cedar, and if the jury are further reasonably satisfied from the evidence that this defective condition had not been remedied, owing to the negligence of the defendant, and that defendant knew of such defect, in a time rea-

sonably sufficient to remedy the same, then they must. find for the plaintiff, unless the evidence reasonably shows to the jury that the plaintiff's injuries were the result of his negligence and that his negligence proximately contributed to his injuries." The defendant requested the court in writing to give the following charges, which were refused: Charges 1, 2 and 3 were the affirmative charges as to the various counts of the complaint. Other charges: "(4) If you believe from the evidence that the handle was weak, and that its weakness is due to the fact that it was made of cedar, and that the plaintiff, several months before the injury, knew that it was made of cedar, and continued to work with it up to the time of the injury without making any objection to using it, he cannot recover in this case. (5) There is no implied warranty on the part of the master or employer that the tools and appliances furnished his servant are sound and fit for the purpose intended. (6) You cannot find from the evidence in this case that the hollow and split in the piece of handle offered in evidence was the proximate cause of the injury. (7) If the condition of the handle was open to ordinary observation, plaintiff cannot recover in this case; nor can he recover, if its condition was not open to ordinary observation, unless its defective condition was known to defendant or Farmer, or could have been discovered by them by the use of reasonable and ordinary care, and they failed to use such care. (8) Although plaintiff is not bound or required to inspect or examine the handle, yet if the fact that it was made of cedar and that it was hollow or split was open to ordinary observation, plaintiff assumed the risk of any injury caused thereby. (9) The defendant was not bound to see that the handle of said car was free from defect or the best in use, and is not chargeable as an insurer of its safety. (10) If you believe from the evidence that the danger, if any, from the use of the handle, was not open to ordinary observation and could not be discovered by Farmer any more readily than by plaintiff, plaintiff cannot recover therefor. (11) If you believe from the evidence that plaintiff's injuries were caused by reason of the weakness of the handle, and that such weakness arose solely from

the fact that the handle was made of cedar, then the
plaintiff cannot recover. (12) There is no evidence in
this case that the split and hollow in the piece of handle
produced before the jury was the proximate cause of the
injury."

It is unnecessary to set out the other charges.

HUMES & SPEAKE, for appellant.—The court erred in
sustaining demurrers to plea 4.—§ 3303, Code 1896;
112 Ala. 465; *Goins v. Ala. S. & W. Co.,* 141 Ala. 537;
*K. C. M. & B. R. R. Co. v. Thornhill,* 141 Ala. 215. The
plea was not subject to any of the demurrers inter-
posed to it and, hence, no infirmity is pointed out.—
*Milligan v. Pollard,* 112 Ala. 465. The master was not
liable if the servant knew of the defect and remained in
the service after the lapse of a reasonable time for the
defect to be remedied or removed.—*Stutt's Case,* 105
Ala.; *L. & N. R. R. Co. v. Boland,* 96 Ala. 626; *G.
P. R. R. Co. v. Davis,* 92 Ala. 300; *C. & W. R. R. Co.
v. Bradford,* 86 Ala. 574; *Goins v. A. S. & W Co., supra.*
If the defect is obvious or suggestive of danger knowl-
edge on the part of the servant would be presumed.—
*Sloss, etc., Co. v. Knowles,* 129 Ala. 410; *Sloss Co. v.
Mobley,* 139 Ala. 425; *B. R. & E. Co. v. Allen,* 99 Ala.
359. On the authorities above cited pleas F and G were
not subject to demurrer. The demurrer to the replica-
tion to plea 3 should have been sustained. The replica-
tion instituted a departure from the complaint.—*Na-
tional Bank v. Nelson,* 139 Ala. 578; *George v. M. &
O. R. R. Co.,* 94 Ala. 245; *Bridges v. T. C. I. & Co.,* 109
Ala. 286. The court's oral charge was erroneous.—
*Conrad v. Gray,* 109 Ala. 130; *M. & O. R. R. Co. v.
George, supra.* Charge 1 given for plaintiff was erron-
eous.—*B. R. & E. Co. v. Bynum,* 139 Ala. 389. The
2nd and 3rd charges given for plaintiff were erroneous.
—*L. & N. R. R. Co. v. Mitchell,* 134 Ala. 261; *Southern
Ry. Co. v. Bunt,* 131 Ala. 591. The defendant was en-
titled to the general affirmative charge upon the whole
case and upon the several counts.—*H. A. & B. R. R.
Co. v. Walters,* 91 Ala. 443; *Holland v. T. C. I. & R. R.
Co.,* 91 Ala. 452; *L. & N. R. R. Co. v. Banks,* 104 Ala.

516; *Sloss Co. v. Knowles, supra; L. & N. R. R. Co. v. Boland, supra.* Charges 5 and 9 requested by defendant should have been given.—*Clements v. A. G. S. R. R. Co.*, 127 Ala. 156; *Scloss Co. v. Mobley, supra.*

J. A. BILBRO, for appellant.—It is the duty of the master to furnish suitable appliances and examine them to see if they are reasonably safe.—*Campbell v. L. & N. R. R. Co.*, 109 Ala. 520; 4 Mayf. Dig. § 369; 1 Lebatt on M. & S. pp. 328 and 343-4. The plaintiff had the right to assume that the handle was safe for the service unless he knew to the contrary.—*L. & N. R. R. Co. v. Baker*, 106 Ala. 624; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 241. Counsel discuss other assignments but cites no authority.

ANDERSON, J.—It appears from the evidence that the plaintiff's fall and injuries were the result of the breaking of a cedar lever used by him and others in propelling a hand car upon which they were riding while in the discharge of their duty to the defendant. It also seems to be a question of fact as to whether there was or was not a latent defect in the lever which caused it to break. If the breaking of the lever was due to a hidden defect not known to the master, or which had not been discovered by the use of ordinary diligence, then the master would not be liable for injuries resulting therefrom. On the other hand, if the lever broke because of its general insufficiency to perform the functions for which it was used, it was for the jury to determine whether or not the master was negligent in furnishing such a handle, and the plaintiff had a right to expect that one would be furnished which could be used with safety, and would not be charged with an assumed risk unless its insufficiency was known to him. It is the duty of the master to furnish the servant reasonably safe appliances. The servant may assume that the appliances furnished are free from defect. He is not required to exercise ordinary care to ascertain the defect. —*L. & N. R. R. Co. v. Hawkins*, 92 Ala. 241, 9 South. 271.

Mr. Bailey, in his work on Master's Liability for Injuries to Servant (page 2), repeats the long-established rule as to the implied obligation of the master "that he shall provide suitable means and appliances to enable the servant to do his work as safely as the hazards incident to the employment will permit. * * * In the performance of these duties, the master is bound to the exercise of reasonable and ordinary care, and such only." The authorities are all agreed that the degree required to be exercised is that of ordinary care; yet as to what measure of diligence will constitute ordinary care in its relation to particular facts and circumstances, and what comparisons and tests may be, or ought to be, applied as a basis for determining whether the act or omission was the exercise of such degree of care, there is apparent conflict. It was very truly said by the federal Supreme Court in a recent case: "There is no fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct should constitute ordinary care under any and all circumstances." The terms "ordinary care," "reasonable prudence," and such like terms, as applied to the affairs and conduct of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed care in one case may under different surroundings and circumstances be gross negligence. The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonably prudent men under a similar state of affairs. It was, therefore, a question for the jury to determine whether the breaking of the lever was due to its insufficiency to perform the service for which it was adopted, or to a latent defect unknown to the master; and, if to the former, it was also within the province of the jury to determine whether the insufficiency of the lever was known to the plaintiff and he had therefore assumed the risk. It must, therefore, be observed that the affirmative charge was properly refused.

The second count, as amended, was not subject to the demurrer interposed. It was framed under the second subdivision of the employer's liability act, and ascribes the injuries of the plaintiff to the negligence of one Farmer, who had superintendence intrusted to him, in that he failed to keep the handle of the car in proper order and permitted the plaintiff to use it while in a defective condition. The gravamen of the count is the negligence of Farmer and his failure to keep the car in order, and his permitting the plaintiff to use it is a conjunctive averment, and the count does not attempt to set up two separate and distinct causations, nor does it come within the influence of the cases of *R. & D. R. R. Co. v. Weems*, 97 Ala. 270, 12 South. 186, and *H., A. & B. R. R. v. Dusenberry*, 94 Ala. 413, 10 South. 274. Nor was the second count subject to any of the grounds of demurrer assigned; but we do not wish to be understood as holding that it is a perfect count.

If there are two ways of discharging the service, apparent to the employe, one dangerous and the other safe, or less dangerous, he must elect the safe or less dangerous way, and cannot recover for an injury sustained when the danger is imminent and so obvious that a prudent man would not incur the risk under similar circumstances.—*Bear Creek Mill Co. v. Parker*, 134 Ala. 293, 32 South. 700; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548, 8 South. 360; *M. & O. R. R. v. George*, 94 Ala. 200, 10 South. 145. Pleas C and D do not charge that a safe way was apparent to or known to plaintiff, and were subject to the demurrer interposed, which was properly sustained.

In order for the plaintiff to be charged with the assumption of risk, it is not sufficient that the defect be obvious; but it must convey to a mind like his the danger that may or is likely to result from the defect. It is important here to note a distinction well elucidated in the cases of *Russell v. M. & St. L. R. R.*, 32 Minn. 230, 20 N. W. 147, and *Cook v. St. P. R. R.*, 34 Minn. 45, 24 N. W. 312, viz.: "It is one thing to be aware of defects in the instrumentalities or plant furnished by the master for the performance of his services and another thing to know or appreciate the risks resulting or-

which may follow from such defects. The mere fact that the servant knows the defects may not charge him with contributory negligence or the assumption of the risk growing out of them." The question is: Did he know, or ought he to have known, in the exercise of ordinary common sense and prudence, that the risks, and not merely the defects, existed? See, also, Bailey's Master's Liability for Personal Injuries, 184. The demurrers to pleas 4, F, and G were properly sustained.

In the case of *L. & N. R. R. Co. v. Stutts,* 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127, there is an expression by the writer on page 367 of 105 Ala., page 29 of 17 South. (53 Am. St. eRp. 127), which is misleading and rather commits the court to the doctrine of assumption of risk based upon a mere knowledge of the defect, regardless of a knowledge of the dangerous consequences; but the writer further on quotes, and there appears the additional fact that the servant must have acquired notice of "an incurred risk of danger." Again the writer says: "The only defects brought to light and complained of were patent, and understood by the engineer as well as by the company," etc. If they were patent and understood by the engineer, then he, of course, not only knew of the defects, but knew that their existence increased his risk or danger, and the opinion is really in line with what we hold in the case at bar.—*Birmingham Railway & Electric Co. v. Allen,* 99 Ala. 359, 13 South. 8, 29 L. R. A. 457; *Eureka Company v. Bass,* 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152.

The trial court properly overruled the demurrer to the replication to the third plea, and properly sustained the one to the rejoinder. It was not necessary for the plaintiff to notify the defendant of the defect, if the defendant already knew the same. The law does not require the doing of a useless thing. The case of *Thomas v. Bellamy,* 126 Ala. 253, 28 South. 707, merely repeats the statute, which relieves the servant of giving notice if he is aware the master knew of the defect; but we do not think that the statute means that the servant is required to give the notice, whether the master was aware of it or not, unless he knew the master knew it. If the

master knew of it, then the servant is relieved of giving the notice, although he may not know that the master knew of the defect.—*Birmingham Railway & Electric Co. v. Allen*, 99 Ala. 359, 13 South. 8, 20 L. R. A. 457.

The trial court did not err in permitting plaintiff to prove that there were other timbers where Farmer put in the cedar stick. It was for the jury to determine if the other timbers were stronger and better, and if a failure to get a stronger and better one did not tend to show negligence in furnishing ways, works, etc. It is true that the use of the other timbers would not relieve the master if they were insufficient nor was it required to get other timbers if the one used was sufficient; but the failure to get a better one, which was as convenient as the one that was gotten, was a circumstance for the jury.

There was no error in permitting the plaintiff to show that others had been riding backward. While a custom to violate a rule does not make the violation less negligent, yet the existence and promulgation of the rule forbidding the hands from riding backward was disputed, and the fact that they frequently rode backward in the presence of Farmer was a circumstance for the consideration of the jury in determining whether or not such a rule existed.

The plaintiff had the right to show that he was ruptured by the fall, and to exhibit himself to the jury, if the trial court saw fit to permit him to do so. It is true that the complaint did not claim damages for a rupture, and the record discloses no amendment to cover this claim; but the bill of exceptions recites that leave was asked and granted to amend in this respect, and we will presume from these recitals, that the complaint was amended so as to meet this evidence, in order to sustain the ruling of the lower court.—*Lesne Case*, 3 Ala. 741; *Bettis' Case*, 28 Ala. 214; 2 Am. & Eng. Ency. Pl. & Pr. 468; 1 Am. & Eng. Ency. Pl. & Pr. 581, 582.

The trial court properly sustained the objection as to "whether or not McGowan would have been hurt if he had been standing behind the lever." It called for the mere conclusion of the witness. It was for the jury to

determine from the evidence whether or not his position on the car was the cause of his injury.

There was no error in the oral charge as excepted to by defendant.

There was no error in giving charges 1, 2, 3, and 4, requested by the plaintiff.

Charges 1, 2, and 3, requested by the defendant, were the affirmative charges, and have been fully discussed in this opinion. They were properly refused.

Charge 4, requested by the defendant, was properly refused. If not otherwise bad, it seeks to charge the plaintiff with a mere knowledge of the kind of wood and its weakness, whether he knew that it was dangerous to use such a handle or not.

Charge 5, requested by the defendant, was properly refused. It was abstract. The injury was not the result of tools furnished, but was the result of a defect in the ways, works, etc.

Charge 6, requested by the defendant, was properly refused. It invades the province of the jury.

Charge 7, requested by the defendant, was properly refused. If not otherwise bad, it seeks to relieve the defendant if the condition of the handle was open to ordinary observation, yet the defect may not have been so open to observation as to apprise the plaintiff that it was dangerous or risky to use the same.

Charge 8, refused to the defendant, if not otherwise bad, ignores the fact as to whether the split or hollow, if open to ordinary observation, was of such character to put plaintiff on notice that it was dangerous or risky to use the same.

Charge 9, requested by the defendant, was properly refused. It was calculated to mislead the jury to conclude that there was no duty upon the defendant to see that the handle was not defective, notwithstanding its defective condition may have been such, upon examination, that it would be dangerous to use it.

Charge 10, requested by the defendant, was properly refused. If not otherwise bad, it pretermits a knowledge of the defendant of a defect in the handle.

There was no error in refusing the other charges requested by the defendant.

After a careful consideration of the evidence, we are not willing to reverse the action of the trial court in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.

ANDERSON, J. (On Rehearing.)—Upon a reconsideration of this case, while not receding from the general principles enunciated in the original opinion as applied to the questions as presented, and without indorsing the correctness of the pleading throughout the case, which we treated as presented, and upon the grounds of demurrer assigned, we are of the opinion that the case should be reversed for the giving of charge 4, requested by the plaintiff. When the complaint specifies the defects, it becomes matter of description, which it is incumbent on plaintiff to prove with equal particularity, as also that he was injured by reason of said defect. If, therefore, the evidence fails to satisfy the jury that the particular defect existed, or that plaintiff was injured by reason thereof, he would not be entitled to recover.— *Mobile & Ohio R. R. v. George*, 94 Ala. 219, 10 South. 145; *L. & N. R. R. Co. v. Coulton*, 86 Ala. 129, 5 South. 458. The complaint in the case at bar avers that the defects were that " the handle of the car was weak and insufficient for the service for which it was used, that it was made of cedar, that it was split, that it was hollow, and that it was unsafe for use." Charge 4 predicated a finding for the plaintiff if the handle was insufficient and weak because made of cedar, and pretermitted the duty of plaintiff to prove the other defects averred and particularized.

The application for rehearing is granted, and the judgment of affirmance is set aside, and the judgment of the circuit court is reversed, and the cause remanded.