CHARLES KINKEAD v. McCORMACK HARVESTING MACHINE COMPANY, Appellant.

**Pleading:** MATTER IN AVOIDANCE: *Reply.* Facts relied upon by plaintiff in an action for the recovery of the price paid for a machine, to avoid the effect of the plea of acceptance of the machine after knowledge of its condition as a waiver of the warranty, must be set up in the reply by way of avoidance of the plea.

DENIAL BY LAW. The law operates as a denial of an affirmative defense pleaded in the answer.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, OCTOBER 8, 1898.

IN August, 1896, the plaintiff purchased of the defendant a corn binder, for which he gave his note for one hundred and thirty dollars, which note has been assigned by defendant, and plaintiff is liable for the payment thereof. From the petition it appears that the corn binder was warranted as follows: "These machines are all warranted to be well made, of good material, and durable, with proper care. If, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow time to send a person to put it in order. If it cannot then be made to work well, the purchaser shall at once return it to the agent of whom he received it, and his payment (if any has been made) will be refunded. Continuous use of the machine, or use at intervals through harvest season, shall be deemed an acceptance of the machine by the undersigned." It also appears from the petition that plaintiff complied with the conditions of the warranty by making the one day's trial of the binder; that it would not work well; that he afterwards, on its failure to work well, notified defendant's agent,

who failed to make the same work as warranted, whereupon he returned the machine to said agents of whom he received it, and demanded a return of the note, which demand was refused.  Judgment is asked for the purchase price of the machine.  The answer admits the sale, the warranty, and the return of the machine, but denies the averments as to dates.  As a separate defense it is pleaded that after the delivery of the machine, and after plaintiff had tried the same, and had full knowledge as to its compliance, or want of compliance, with the warranty, he expressed himself as satisfied with the machine and its workings, and gave his note therefor, and that the transaction was a settlement of all matters pertaining to the sale.  The cause went to trial to a jury on the issues thus formed, that returned a verdict for plaintiff, and from a judgment thereon the defendant appealed.—*Reversed.*

*Preston & Moffit* for appellant.

*Giffin & Voris* for appellee.

GRANGER, J.—I.   There is a complaint that the court presented to the jury an issue of fact not involved in the pleadings.  The plaintiff pleaded as a basis of recovery his purchase of the machine, the warranty thereof, a compliance with the conditions on his part, a breach thereof by defendant, and his liability to pay the note.  The answer, by denials, put in issue the allegations as to a breach of the warranty and full compliance with the conditions of the warranty by plaintiff, and then, by way of affirmative defense, pleaded a settlement by the giving of the note after knowledge of the workings of the machine.  The law operates as a denial of the averments as to settlement.  No reply was filed.  The issues arising from the denials in the answer were as to the breach of the warranty.  The law put in issue the facts averred by defendant as to a settlement, that is, it denied that there was such a settlement.  It appears

from the evidence that the machine was not returned, as
alleged by plaintiff, or as required by the terms of the war
ranty, and there is evidence to show that it was retained
beyond the time in which it should have been returned because
of a request of defendant's agent that plaintiff should retain
the machine to further test it.   The court, after admitting
such evidence, gave the following instruction:   "You are
instructed that the contract of warranty provides that contin-
uous use of the machine, or use of the same through the
harvest season, shall be deemed an acceptance of the machine
by the party so using the same.   Now, in this case, if you find
from said evidence, the plaintiff, after trying and testing said
machine, and he could not make it do the work, he at once
notified the agents of defendant of that fact, and you also find
that said agents attempted to make the machine do the work,
and failed to do so, it was then the duty of plaintiff, under
said contract, to return said machine to said agents at once;
and you further find that plaintiff did not do so, or if you
further find plaintiff used said machine during the harvest
season of 1895,—he cannot recover in this action unless you
find also from said evidence that the failure to return said
machine when he knew that it would not do the work was
because of the request of defendant or its agents that he should
retain the same beyond said time, to further test said machine.
And if you are satisfied from said evidence that defendant
did so request plaintiff, then the failure to return the same
within the time specified in said contract would not consti-
tute an acceptance of the same by plaintiff."   The complaint
as to the instruction is of that part pleaded in avoidance of
plaintiff's failure to return the machine as the contract
required because of the agent's request to retain it longer, for
the reason that the pleadings in no way present such an issue;
and the complaint seems to be well founded.   If the pur-
pose was to avoid the matter pleaded in settlement by defend-
ant, it was proper matter for a reply, by admitting the facts,
and pleading in avoidance the request to hold the machine..

Such is the office of reply. Code 1873, section 2665. See, also, *Bank v. Wright,* 84 Iowa, 728; *Kervick v. Mitchell,* 68 Iowa, 273. The effect of the request not to return the machine, as the contract required, was to waive the provision; and a waiver, to make it available, must be pleaded. *Machine Co. v. Brower,* 88 Iowa, 607. Such a waiver is in the nature of an estoppel, which must always be pleaded. *Eikenberry, v. Edwards,* 67 Iowa, 14. If the evidence as to the request to hold the machine for a longer time was not intended to avoid the plea of settlement, then the facts should have been pleaded in the petition to show that the contract was modified, and plaintiff then proven the contract as pleaded, and he should not plead it one way and prove it to be different. In any view of the case, the facts should have been pleaded to justify the evidence or the instruction as to the contract being changed. The judgment must be REVERSED.