## Sloss-Sheffield Steel & Iron Co. v. Stapp.

### Injury to Servant.

(Decided November 4, 1915.   70 South. 267.)

1. **Master and Servant; Injury to Servant; Action; Pleading.**—A plea setting up that defendant had, when it employed intestate, delegated to him the duty of providing a reasonably safe place for himself and its other employees in said mine to work in, and that said intestate negligently failed to exercise reasonable care to provide a safe place, and as a proximate consequence thereof, received his alleged injuries, was inapt, as it did not properly declare under the statute, but only under the common law.

2. **Same.**—Such a plea was also bad for the reason that an employer cannot delegate to his employee the duty of providing himself with a safe place to work, that duty resting upon the master, although the master may delegate to the employee the duty of caring for such a place after it is provided.

3. **Same; Contributory Negligence.**—A plea that said employer had entrusted to said intestate the duty of seeing that its ways, works, machinery and plant in and about said mine were in proper condition, and that the alleged defect had not been discovered or remedied as a proximate consequence of the negligence of the intestate who negligently failed in and about the performance of said duty, followed the language of the statute, and was good, and it was error to sustain a demurrer thereto when there was no other plea setting up the same defense.

4. **Death; Action; Negligence of Decedent; Recovery.**—Where a servant could not maintain an action for injuries because of his own negligence, his personal representative could not maintain such action after his death.

5. **Master and Servant; Contributory Negligence; Assumption of Risk.**—While § 3910, Code 1907, preserves the defense of contributory negligence, it transfers to the master the risk held under common law to be assumed by the servant, and a master cannot plead assumption by the servant of the risk of a fellow servant's negligence.

6. **Same; Delegation of Duty.**—Where the master entrusts an employee with the duty of seeing that the ways, works, etc., are in proper condition, and the employee breaches that duty by his own negligence, and as a result the employee is injured, such employee cannot recover for the injury.

[Sloss-Sheffield Steel & Iron Co. v. Stapp.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. D. SMITH.

Action by Lizzie L. Stapp, as administratrix, against the Sloss-Sheffield Steel & Iron Company, for damages for the death of her intestate, while in the employment of defendant. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. W. A. DENSON, for appellee.

MAYFIELD, J.—The action is under the Employer's Liability Act, for the wrongful death of a servant. There were 14 counts in the complaint, but all were eliminated except one, the last. It declared under the first subdivision of the act, and the defect alleged and relied upon for a recovery was that "the means used for holding said trip of cars stationary upon the upper yard of defendant's said mine was defective." Intestate was engaged in mining coal as a servant of the defendant, and was killed in the mine by a trip of tram cars getting loose and running back into the mine by gravity.

The defendant filed a great number of special pleas, setting up contributory negligence and assumption of risk. Demurrers were sustained to pleas 5, 6, 8, 9, 11, 12, 14, and 15, and overruled as to others. There is no necessity to treat each of these many pleas separately. Either they were each properly sustained, or demurrers were overruled to other pleas which were in legal effect the same as the pleas to which demurrers were sustained, except as we will hereinafter point out.

(1-4) Pleas 5 and 6 allege as defensive matter the following: "(5) * * * That said Sloss-Sheffield Steel & Iron Company had, when it employed the said intestate, delegated to him the duty of providing a reasonably safe place for himself and its other employees in said mine to work in, and the said intestate negligently failed to exercise reasonable care to provide such a place, and as a proximate consequence thereof received his alleged injuries."

"(6) * * * The said Sloss-Sheffield Steel & Iron Company had intrusted to the said intestate the duty of seeing that its ways, works, machinery, and plant in and about said mine

were in proper condition, and the alleged defect had not been discovered or remedied as a proximate consequence of the negligence of the intestate, who negligently failed in and about the performance of said duty as he might have done by the exercise of reasonable care and prudence under all the circumstances.".

Plea 5 was both inapt and bad. It was inapt, because it was not appropriate to a count declaring under the statute, being so only in actions counting on common-law liability; and it was bad because, in this state, the master cannot delegate or avoid the common-law duty of providing a safe place, though he may the duty of maintaining it after it is actually provided.

Plea 6, however, was both apt and good, and there is no other plea setting up the same defense. It was reversible error to sustain a demurrer to this plea. It will be observed that both the count and the plea practically follow the language of the statute; the count alleging that the defect complained of "arose from, or had not been discovered or remedied owing to, the negligence of the defendant, or of some person in the service of the defendant, and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition," and the plea answering this by saying: "Yes, but the intestate himself was this person whom the master had employed and intrusted with the duty of seeing that the ways, works, machinery, or plant were in proper condition, and it was his negligence which approximately caused the injury for which his personal representative seeks to recover damages."

If the intestate himself was the servant or agent of the defendant, who was intrusted with the duty the breach of which is complained of, and he himself was the person who was guilty of the negligence which caused the injury, then, of course, he, if living, could not and should not hold the master responsible for that negligence; and if he could not have maintained an action, had death not resulted, then his personal representative cannot maintain an action, death having intervened.

(5) The present statute was amended to settle the prior conflicting decisions of this court as to whether or not the doctrine of "non fit injuria" applied to this statute. See *Allen's Case,* 99 Ala. 359, 13 South. 8, 20 L. R, A. 457. The statute (section 3910 of the Code) now contains this provision, intended to settle this conflict: "That in no event shall it be contributory neg-

[Sloss-Sheffield Steel & Iron Co. v. Stapp.]

ligence or an assumption of the risk on the part of a servant to remain in the employment of the master or employer after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect or who committed the negligent act causing the injury complained of."
—Code 1907, vol. 2, p. 602.

Contributory negligence has always been a defense under any and all subdivisions of the statute, while assumption of risk has not been, in all cases, because in some cases the real purpose and · effect of the statute is to change the common law in this respect, and to make the master assume certain risks which theretofore the common law had placed on the servant. It has been frequently said by this court, in construing this statute, following the construction placed by the English courts upon a similar statute of which ours is practically a copy, that the purpose of the statute is to protect the employee against the special defenses growing out of, and incidental to, the relation of employer and employee, to take from the employer such special defenses, but to leave to him all the defenses which he has by the common law against one of the public, not a trespasser, nor a bare licensee. Under the statute the defense of contributory negligence is open to the employer.—*Weblin v. Ballard,* 17 Q. B. Div. 122.

To say that the servant assumed a risk, to wit, the negligence of a fellow servant, which the statute required the master to assume, would be to disregard the statute; but the statute never did intend to take away from the master the defense of contributory negligence, nor to require the master to assume the risk of the servant's injuring himself by his own negligence, though it does require him to assume the risk of injuries to the servant, where the injuries suffered are caused by the negligence of a fellow servant in any one of the cases mentioned or covered by the five subdivisions of the statute, section 3910 of the Code.

(6) So, if the facts set up in this plea are true, and on demurrer they must be so treated, the plaintiff's intestate was killed as the result of his own negligence, and the plaintiff cannot recover in this action.

(7) An employee, therefore, who is intrusted by the master with the duty of seeing that the ways, works, machinery, or

plant of the master are in proper condition, and who breaches that duty by his own negligence, and is injured as a consequence of his own wrong, and not the wrong of the master or of a fellow servant, cannot and ought not to recover damages of the master for the injury.—*Thomas' Case,* 133 Ala. 280, 32 South. 15; *Adams' Case,* 183 Ala. 127, 62 South. 536; *Maddox's Case,* 171 Ala. 216, 55 South. 93; *Granger's Case,* 172 Ala. 550, 55 South. 244.

There are 64 assignments of error, many of which, of course, are without merit; and those which have merit and are insisted upon may not arise on another trial, and these we deem it unnecessary now to discuss.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.