## Vance v. Morgan, et al.

### Damages for Falling Into Excavation.

(Decided December 7, 1916. 73 South. 406.)

1. Municipal Corporation; Defective Street; Care Required.—Persons using public highways or streets have a right to presume and act on such presumption that the way is reasonably safe for travel, whether by day or by night.

2. Same; Knowledge of Defect.—A traveler who knows or has reason to believe that defects exist in streets over which he is traveling is under the duty to exercise ordinary care to avoid injury.

3. Negligence; Contributory; Defect in Street; Instruction.—A charge that if plaintiff, who fell into an excavation, did what a reasonably prudent person would not do under all the circumstances, he could not recover, states correctly the doctrine of contributory negligence.

4. Appeal and Error; Harmless Error; Cured by Instructions.—If there was error in overruling demurrer to a plea of contributory negligence, such error was cured where the jury was correctly instructed on this feature of the case, under rule 45, Supreme Court Practice.

APPEAL from Gadsden City Court.
Heard before Hon. JOHN H. DISQUE.
Action by G. R. Vance against J. F. Morgan and others, partners, doing business under the firm name of Morgan & Co. Judgment for defendant and plaintiff appeals. Affirmed.

VICTOR VANCE, and MOTLEY & MOTLEY, for appellant. O. R. HOOD, and CHAS. W. MOFFATT, for appellees.

SOMERVILLE, J.— (1, 2) It is well settled that persons using a public street have a right to presume, and to act on the presumption, that the way is reasonably safe for ordinary travel, whether by day or night.—13 R. C. L. 472; *Birmingham v. Tay-*

*loe,* 105 Ala. 170, 16 South. 576; *Montgomery v. Reese,* 146 Ala. 410, 40 South. 760. But "generally speaking the rule does not apply if the traveler knows of the defect or obstruction in the highway, or has reason to believe that it exists."—13 R. C. L. 475. In such a case, although he may not be bound to refrain from using the highway, yet, if he does so, he must exercise ordinary care to avoid injury.—*Birmingham v. Tayloe,* 105 Ala. 170, 16 South. 576; *City of Montgomery v. Ross,* 195 Ala. 362, 70 South. 634; 13 R. C. L. 475.

The gravamen of the complaint is that defendants made an excavation at a street crossing and allowed it to remain open at night without lights or other safeguards such as are usual and proper.

Defendant's fifth plea, after averring that the excavation was made under municipal authority for street improvements, further avers that: "Plaintiff knew that defendants had thus been and were then engaged in making said excavation, and knew of the danger of stepping or falling into said excavation, yet he approached said portion of said street in the nighttime and stepped or fell into said excavation, without first exercising reasonable diligence to ascertain whether said street or excavation had been excavated at the point into which he stepped or fell, or the exact location of said excavation, and as a proximate consequence," etc.

If, as the plea avers, plaintiff knew of this particular excavation, and of the danger of stepping into it in passing by, it was clearly his duty to exercise reasonable diligence to avoid it; and this he could do only by observing its exact location before he attempted to pass.

(3) Conceding, however, that the plea does not invoke with technical precision the complete rule of duty which the law casts upon a traveler who has notice of the presence of a dangerous excavation, nevertheless, the oral charge of the trial judge very clearly and correctly presents that duty to the jury as the decisive issue, viz., whether or not plaintiff did that which a reasonably prudent person wouldn't do, in view of all the facts and circumstances," and, again, whether he exercised "that diligence which a reasonable, prudent person would exercise under the circumstances detailed in evidence in this case, or was he injured in consequence of these defendants not having proper safeguards there."

[Manning v. Giles.]

(4) Without, therefore, decided whether the plea was subject to any of the. grounds of demurrer assigned, we are constrained to an affirmance of the judgment because the error, if error there was in overruling the demurrer, did not affect the true issues of the case, and was not prejudicial to plaintiff.—Sup. Ct. rule 45 (61 South. ix).

McClellan, Mayfield, and Thomas, JJ., concur.