(76 South. 74)

CLINTON MINING CO. v. BRADFORD.

(6 Div. 429.)

(Supreme Court of Alabama. May 10, 1917. Rehearing Denied June 14, 1917.)

1. MASTER AND SERVANT ☞256(3)—MINER'S INJURY — COMPLAINT — SCOPE OF EMPLOYMENT.

Complaint alleging that defendant was operating a mine, and that plaintiff was injured in the "employment" of defendant, sufficiently alleged that at the time of plaintiff's injury, he was acting within the scope of his employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 811.]

2. MASTER AND SERVANT ☞258(15)—MINER'S INJURY—EMPLOYERS' LIABILITY ACT—COMPLAINT—DEFECTIVE MINE ROOF.

A count charging that a miner's injuries proximately resulted from a defective mine roof, held sufficient to state a cause of action under Employers' Liability Act (Code 1907, § 3910, subd. 1), providing that an employer is liable for employé's injuries received in the course of his employment when the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 830.]

3. MASTER AND SERVANT ☞258(15)—MINER'S INJURY—DEFECTIVE MINE ROOF.

A count charging a mine operator with gross and wanton negligence in permitting the mine roof to remain defective, after having knowledge of its dangerous and defective condition, causing miner's injuries, held sufficient.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 830.]

**4. PLEADING** ⬅8(3)—SUFFICIENCY OF PLEA—CONTRIBUTORY NEGLIGENCE.

A plea of contributory negligence is not sufficient if it merely states a conclusion of law, but it must aver the facts constituting the negligence, and the facts must be such that the conclusion of negligence follows therefrom as a matter of law.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 195.]

**5. MASTER AND SERVANT** ⬅262(4)—MINER'S INJURY — SUFFICIENCY OF PLEA — KNOWLEDGE OF DANGER.

A plea of contributory negligence in a miner's action for injuries, merely charging plaintiff with the knowledge of defective conditions, and not a knowledge of the danger, nor that it was open and obvious, *held* insufficient.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 859.]

**6. PLEADING** ⬅173—CONSTRUCTION OF REPLICATION.

Where caption stated that replication was a reply to pleas 6, 7, 8, 9, and 10, and in the body thereof that it only replied to pleas 7 and 10, it should have been considered as applying to the latter pleas.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 339, 340, 385.]

**7. PLEADING** ⬅30 — "CLERICAL ERRORS" — CORRECTION BY CONTEXT.

"Clerical errors" in pleading may be corrected by the context, and such errors are not alone those which the clerk makes, but include all such being matters of record as intervene in the progress of a cause whether committed by the court or by counsel to which judicial sanction or discretion cannot reasonably be said to have been applied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 51.

For other definitions, see Words and Phrases, First and Second Series, Clerical Error.]

**8. MASTER AND SERVANT** ⬅263 — MINER'S INJURY—CONSTRUCTION OF REPLICATION.

Replication in employé's personal injury action, *held* to be in nature of a plea of confession and avoidance as to allegations of employé's duty to give notice of dangerous conditions, by showing that employer already knew of such conditions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 860.]

**9. APPEAL AND ERROR** ⬅1040(15) — HARMLESS ERROR — OVERRULING DEMURRER TO REPLICATION.

Any error in overruling a demurrer to a replication was harmless where the true issue of the case was submitted to the jury in view of Supreme Court rule 45 (175 Ala. xxi, 61 South. ix) confining reversals to error probably injuriously affecting substantial rights.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4103, 4105.]

**10. APPEAL AND ERROR** ⬅1060(1)—HARMLESS ERROR—REMARKS OF COUNSEL.

Reversal will not be ordered on account of counsel's argument which, although it might well have been excluded, was no more than an illustration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135.]

**11. MASTER AND SERVANT** ⬅286(19)—SERVANT'S INJURY—QUESTION FOR JURY—NEGLIGENCE.

There being evidence to support a miner's charge of his employer's negligence in the main-tenance of a defective mine roof causing his injury, the question was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1026.]

**12. TRIAL** ⬅253(3)—REFUSAL OF REQUEST—IGNORING ISSUES.

A requested charge that if the jury believed the evidence in the case their verdict must be for defendant was properly refused as ignoring the issues presented.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 616.]

**13. DAMAGES** ⬅91(3)—PUNITIVE—EMPLOYER'S PERSONAL INJURY ACTION — WILLFUL NEGLIGENCE.

A miner injured by his employer's gross and wanton negligence in maintaining a defective mine roof could recover punitive damages, in addition to his compensatory damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 200, 201.]

**14. MASTER AND SERVANT** ⬅234(5)—MINER'S INJURY — CONTRIBUTORY NEGLIGENCE NO DEFENSE—EMPLOYER'S KNOWLEDGE OF DEFECT.

A miner's knowledge of dangerous condition of the mine roof, and that a prop was needed, but that such props had not been furnished and his continuance of work making such conditions more dangerous, could not defeat his recovery for injuries if employer grossly and wantonly permitted such condition to remain after knowledge thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 684.]

**15. TRIAL** ⬅248—REFUSAL OF ABSTRACT INSTRUCTION.

In a miner's personal injury action, a requested charge which used a name other than that of plaintiff was properly refused, as being abstract.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 582, 583.]

**16. MASTER AND SERVANT** ⬅88(3) — SERVANT'S INJURY — RELATION OF PARTIES — "SERVANT"—"INDEPENDENT CONTRACTOR."

One who represents and carries out his master's will in the prosecution of his work not only as to the result to be accomplished, but as to means to be employed, is a "servant," and not an "independent contractor."

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 146.]

**17. TRIAL** ⬅251(8) — REFUSAL OF REQUEST INAPPLICABLE TO PLEADING.

In a miner's personal injury action, a requested charge predicating acquittal on contributory negligence, and not limiting its application to the proper count of the complaint, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 593.]

**18. APPEAL AND ERROR** ⬅837(6)—REVIEW OF INSTRUCTIONS—ORAL CHARGE—CONSIDERATION.

In determining whether reversible error was committed in the giving of instructions, oral and special charges presented as a part of the record may be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3264.]

**19. TRIAL** ⬅260(1)—INSTRUCTIONS—REFUSAL OF REQUESTS COVERED BY CHARGE.

Reversal will not be ordered on account of refusal of requested charges, where the jury were substantially and fairly instructed as to the issues presented in view of Acts 1915, p. 815, providing that refusal of a charge notwithstanding it be a correct statement of the law is

not cause for reversal, where the same rule of law is substantially given to the jury in the general charge or in those given at the parties' request.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651.]

20. MASTER AND SERVANT ⬅220(2) — SERVANT'S DUTY TO INFORM MASTER OF DEFECT—MASTER'S KNOWLEDGE.

The law does not impose upon employé the duty to notify his employer of defective working conditions, where the employer has notice or knowledge of the defect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 625, 631.]

Appeal from City Court of Birmingham; John C. Pugh, Judge.

Action by Sam Bradford against the Clinton Mining Company, for personal injury. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count charges that defendant was operating a mine in Jefferson county, Ala., and that plaintiff was in the employment of defendant company, and at said time and place, while plaintiff was engaged in the performance of his duties as such employé, he was injured as aforesaid. Count 5 adopts count 1 down to the allegation of negligence, and adds:

Owing to the gross and wanton negligence of the master or employer, or of some person in the service of defendant, and intrusted by it with the duty of seeing that the ways, works, etc., were in proper condition, which defect consisted in this: The roof of the mine in which plaintiff was working was defective, and plaintiff avers that the fact that said roof was defective was known to defendant, or to the person so mentioned as being in charge of the ways, works, etc., and that defendant or said person knew that if said roof remained in said defective condition, plaintiff would likely or probably be killed or seriously injured in his body and person, but notwithstanding said knowledge, defendant grossly and wantonly and recklessly permitted said roof to remain in said defective condition, and plaintiff was proximately injured from said gross and wanton negligence.

The following written charges were refused to defendant:

(A) The court charges the jury that if you believe the evidence in this case your verdict must be for defendant.

(3) Affirmative charge against finding for plaintiff under count 5.

(4) Same as to count 1.

(18) I charge you that plaintiff is not in this case entitled to punitive damages, even though he might be entitled to recover, and all the argument of plaintiff's attorney in reference to punishing the defendant or making an example of it should be disregarded by either.

The following are written charges given for plaintiff:

(26) Even if you believe from the evidence that plaintiff knew of the dangerous condition of the roof, and that a prop was needed, and knew that props had not been furnished, and continued after such time to make conditions more dangerous, by the work which he was doing, that would not defeat his recovery if you are reasonably satisfied from the evidence that plaintiff is entitled to recover on count 5 of his complaint.

(28) If you find for plaintiff under the fifth count of the complaint, you may award him, in addition to compensatory damages, such damages as in your sound discretion you see fit to punish defendant for its said action, and to deter others in like business from such wrongdoing in the future.

(29) I charge you that defendant's plea of contributory negligence constitutes no defense to count 5 of plaintiff's complaint, and if you are reasonably satisfied from the evidence that plaintiff was injured by reason of the gross negligence and reckless act or omission to act, on the part of defendant, with the knowledge on defendant's part that its action or failure to act would likely or probably result in injury to plaintiff, and with a reckless disregard of whether plaintiff was injured or not so failed to act, then plaintiff would be entitled to recover, irrespective of the pleas of contributory negligence.

The following is charge 6 refused to defendant:

If the jury believe from the evidence that defendant reserved no right to interfere with the details of Sam Bradford's work, but only to require it to be done by him, and by the men who were working under him, so as to conform to the mining rules, then I charge you that Stewart Hollins would be an independent contractor, and plaintiff would not be liable for the injuries received by him.

Charge 13:

If you believe from the evidence that plaintiff was paid by the tram, and employed his own helpers, and their time was taken out of the amount which defendant was due him, and the number of trams, and plaintiff had entire charge of the details, subject only to the supervision of the bank boss in seeing that the mining rules were complied with, then plaintiff could not recover in this case.

The court gave plaintiff the following charge:

(25) If plaintiff in this case was a mere servant of defendant representing and carrying out the will and direction of the Clinton Mining Company, not only as to the result to be accomplished, but also as to the means by which it was to be accomplished, he was not an independent contractor, but an employé, and the mere fact that he was paid by the piece or the job would not make him an independent contractor.

(27) I charge you that the law does not impose on an employé the duty of notifying his employer of a defect of which the employer already has notice.

Percy, Benners & Burr, of Birmingham, for appellant. Hugo L. Black, of Birmingham, for appellee.

THOMAS, J. This is the second appeal in this cause. See report of first appeal (192 Ala. 576, 69 South. 4).

[1] The action was tried on issues tendered by counts 1 and 5. Each count sufficiently averred that at the time of plaintiff's alleged injury he was acting within the line and scope of his employment with defendant. Ala. Fuel & Iron Co. v. Ward, 194 Ala. 242, 69 South. 621; St. L. & S. F. R. Co. v. Sutton, 169 Ala. 389, 401, 55 South. 989, Ann. Cas. 1912B, 366.

[2] Count 1 was drawn to state a cause of action under the first subdivision of the Employers' Liability Act (Code, § 3910), and at-

tributes plaintiff's injuries proximately to a defect in the ways, works, machinery, or plant connected with, or used in the business of the defendant, or, more specifically stated, to the fact that "the roof of the mine in which plaintiff was working was defective." The count was not subject to the challenge of the demurrer. Clinton Mining Co. v. Bradford, supra, 192 Ala. 589, 69 South. 4; Sloss-Sheffield Co. v. Terry, 191 Ala. 476, 67 South. 678; Little Cahaba v. Gilbert, 178 Ala. 515, 59 South. 445; Tutwiler, etc., Co. v. Farrington, 144 Ala. 157, 39 South. 898.

[3] Count 5 charged the defendant with a wanton wrong, and demurrers thereto were overruled. As shown by the judgment entry of March 6, 1915, the defendant reassigned its demurrers to the complaint as amended, and to each count thereof, and also filed "additional demurrers by separate paper." We have not found the demurrers last filed. We are of the opinion that the count was not subject to the demurrers assigned to it. Wilson v. Gulf States Steel Co., 194 Ala. 311, 69 South. 921; Dwight Mfg. Co. v. Holmes, 73 South. 933;[1] T. C., I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540. The case of T. C., I. & R. R. Co. v. Smith, 171 Ala. 251, 260, 261, 55 South. 170, cited by appellant, has no application. It was pointed out in the opinion that the mine may have had more than one entry, and that, construed most strongly against the pleader, the complaint was indefinite. Sloss-Sheffield Co. v. Terry, supra; Sloss-Sheffield Co. v. Capps, 182 Ala. 651, 62 South. 60.

[4] It is established in this state that a plea of contributory negligence is not sufficient if it merely states a conclusion of law; that it must aver the facts constituting the negligence, and the facts so averred must be such that the conclusion of negligence follows therefrom as a matter of law. Dwight Mfg. Co. v. Holmes, 73 South. 933,[1] and authorities there collected; Pollock on Torts, 365.

[5] Plea 3 was held insufficient as an answer to count 1. The effect of this plea, among other things, was to aver: (1) That at the time plaintiff sustained his injuries he was engaged in mining ore as an employé of the defendant; (2) that while so engaged a piece of rock became loose and was likely to fall; and (3) that this fact was known to plaintiff. Thus a knowledge of the defect, not of the danger, was charged to plaintiff. The plaintiff's duty was averred to have been, either to pull said rocks down, or to notify defendant's mine boss that said rock was loose, and not to go under it until a timber had been set thereunder by defendant's agent. The negligence sought to be charged to plaintiff by the plea is thus epitomized:

"But notwithstanding said duty plaintiff, when in the exercise of reasonable care he would have known the danger or risk he was thereby incurring, negligently went under said loose rock which fell, causing the injury of which he complained."

It is noted that the plea charges the duty to the plaintiff in the alternative, either to remove the rock himself or to notify defendant's mine boss or timber man of its condition. It is not averred that plaintiff did not discharge this duty of notifying defendant's agent of the defective condition of the rock or slate in the roof of the mine, nor is it averred, except by way of inference, that plaintiff did not pull the rock down, the averment being that "he negligently went under said loose rock which fell, causing the injury." Under this plea the plaintiff may have fully discharged his duty, on the discovery of the defect, by promptly notifying the defendant's agent of the same, affording the latter a reasonable time thereafter in which to remedy the defect before going in close proximity thereto; and yet the injury may be the proximate cause of the negligent failure of the defendant's agent, after such notice, to promptly remedy the defect or to remedy the same within a reasonable time thereafter.

The effect of the plea was to charge plaintiff with a knowledge of the defective condition, not a knowledge of the danger, nor that it was open and obvious. Wilson v. Gulf States Steel Co., supra; Dwight Mfg. Co. v. Holmes, supra; Porter v. T. C., I. & R. R. Co., 177 Ala. 406, 59 South. 255; Birmingham, etc., Co. v. Saxon, 179 Ala. 136, 59 South. 584. In Reynolds, as Adm'x, v. Woodward Iron Co., 74 South. 360,[2] it was declared that the effect of the proviso or amendment to section 3910, found on page 602 of the Code, was to relieve the servant from the imputation of contributory negligence or assumption of risk predicated on the fact of his remaining in the service after knowledge of the defect or negligence, in an action by an employé who did not commit the negligent act causing the injury and upon whom the duty to remedy the defect did not rest; but it did not relieve such employé of the duty to give information of such defect or negligence when he knows of it and the master or superior employer has no notice or knowledge thereof. Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; Standard Port. Cement Co. v. Thompson, 191 Ala. 444, 67 South. 608; Clinton Co. v. Bradford, supra; Sloss-Sheffield Co. v. Stapp, 195 Ala. 340, 70 South. 267. The plea in Stapp's Case alleged (not by way of alternative averment as in the instant plea) that the plaintiff was the one person to whom the master intrusted the duty of seeing that the ways, works, machinery, or plan, in and about said mine, was in proper condition, and that his negligent failure to discharge this duty proximately caused his injury. The demurrer to the plea was properly sustained.

[6] Assignments 8 to 12, inclusive, relate to the overruling of demurrers to certain of plaintiff's replications. As appearing in the caption, the replication was offered as reply to pleas 6, 7, 8, 9, and 10; in the body there-

---

[1] 198 Ala. 590.

[2] 199 Ala. 231.

of, as answer to "the matters and things set forth in pleas 7 and 10." Thus it is clear that the replication was filed as an answer to pleas 7 and 10, and not to pleas 6, 8, and 9, and that it should have been so considered.

[7] We are not without decisions to the effect that such clerical errors in pleading may be corrected by the context. A judgment has been referred to the complaint (Kyle v. Caravello, 103 Ala. 150, 15 South. 527); a recital in a bill of exceptions, that the defendant excepted, held to show by the context that it was the plaintiff who excepted (Schuessler v. Wilson, 56 Ala. 516); and the caption of a judgment entry to have corrected another part of the record (Smith v. Branch Bank, 5 Ala. 26). Clerical errors are not alone those which the clerk makes. They include all such, being matters of record, as intervene in the progress of a cause, whether committed by the court, or by counsel, to which judicial sanction or discretion cannot reasonably be said to have been applied. Ford v. Tinchant, 49 Ala. 567; Vaughan v. Higgins, 68 Ala. 546; Hastings v. Ala. State Land Co., 124 Ala. 608, 26 South. 881. Moreover, it is reasonably plain that the replication was so treated by the trial judge in his charge. Talley v. Whitlock, 199 Ala. 28, 73 South. 976.

[8] The averment of fact contained in the replication was:

"That there was no duty on plaintiff to notify defendant of the dangerous defects set forth in said plea for the reason that defendant or some person in the service or employment of the defendant superior to plaintiff already knew of said dangerous defect set forth in said plea."

As to plea 7, this was but a joinder of issue thereon as to knowledge by defendant of the defect.

As to plea 10, it likewise supports the complaint on the question of knowledge of the defect by the defendant. That is to say, confessing that plaintiff did not give the notice of the defect, but notwithstanding this failure, he was relieved from the performance of this duty to notify by the averment that it would be useless so to do, since the defendant well knew it, or some person in the service or employment of the defendant superior to plaintiff already knew of said dangerous defect set forth in said plea and complaint. The replication was in the nature of a confession and avoidance of pleas 7 and 10. Gould on Pl. (Will's 6th Ed.) p. 90; Kinkead v. McCormack, etc., Co., 106 Iowa, 222, 76 N. W. 663; Olson v. Tvete, 46 Minn. 225, 48 N. W. 914; Craig v. Cook, 28 Minn. 232, 9 N. W. 712. In the McGowan Case, infra, as in the instant case, the plaintiff filed a replication to defendant's plea, that defendant already knew of said defects, and on a discussion of the ruling on said demurrer, Chief Justice Anderson declared that the law does not require the doing of a useless thing, and that it was not necessary for the plaintiff to notify the defendant if the defendant already knew of the same, even though

the employé may not have been aware that the master knew of the defect. Southern Railway Co. v. McGowan, 149 Ala. 440, 43 South. 378. Moreover, the demurrers were directed to the replication, as if it was a reply to pleas 6, 7, 8, 9; and 10, and did not specify the objection to the replication as answer to plea 10. It may be that the court's ruling was justified on this ground. However, in Vance v. Morgan, 198 Ala. 149, 73 South. 406, Mr. Justice Somerville said:

"Conceding * * * that the plea does not invoke with technical precision the complete rule of duty which the law casts upon a traveler who has notice of the presence of a dangerous excavation, nevertheless, the oral charge of the trial judge very clearly and correctly presents that duty to the jury as the decisive issue."

[9] So in the instant case, the trial judge properly instructed the jury of the duty of the plaintiff and the defendant under their respective pleadings, and specifically under the replication in question. So if the ground of demurrer to the replication was specific (Wikle v. Johnson Laboratories, 132 Ala. 268, 31 South. 715; Code, § 5340), and there was error in overruling such demurrer, this did not affect the true issue of the case submitted to the jury by the charge of the court (Sup. Ct. rule 45 [175 Ala. xxi, 61 South. ix]; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417; Vance v. Morgan, supra).

Assignments of error 13 to 26, and 38 and 39, challenge the action of the court in qualifying the jury. The jury were excluded from the courtroom, and during their absence evidence was admitted to show the interest, in the result of the trial, of a designated insurance company. Being satisfied that such insurance existed in favor of the defendant, the court properly qualified the jurors as to their interest in or connection with said insurance company. The duty of the court, and of counsel, in the qualifying of jurors on such motions, was recently announced in Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561, 62 South. 199; Beatty v. Palmer, 71 South. 422;[3] Sov. Camp, etc., v. Ward, 71 South. 404;[4] U. S. Cast Iron Pipe & Foundry Co. v. Warner, 198 Ala. 595, 73 South. 936.

We have examined the several exceptions to the introduction of evidence, and find no merit in them. No good purpose would be subserved by a detailed discussion of each, however willing we may be to so treat them.

[10] The argument of counsel for plaintiff was no more than an illustration, in argument, of the effect of general efficiency. True, the remark might well have been excluded, but it did not bring the case within the application of the rule of injury declared in Moulton v. State, 74 South. 454;[5] Jackson Lumber Co. v. Trammell, 74 South. 469;[6] B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

[11-15] There was evidence to support the plaintiff's charge of negligence, as averred

[3] 196 Ala. 67.     [4] 196 Ala. 327.          [5] 199 Ala. 411.     [6] 199 Ala. 536.

under each count, and questions for the jury were thus presented. Amerson v. Corona Coal & Coke Co., 194 Ala. 175, 69 South. 601. Written charges "A," 3, 4, and 18 were properly refused; and in the giving of plaintiff's given charges 26, 28, and 29 no error was committed. Defendant's charge No. 6 was abstract, in that the name used in the latter paragraph thereof was not that of plaintiff.

[16] The evidence showed that plaintiff was not an independent contractor, but an employé of the defendant. One who represents and carries out the will of the master in the prosecution of the work, not only as to the result to be accomplished, but also as to the means to be employed, is a servant, and not an independent contractor. Plaintiff's written charge No. 25, to this effect, was properly given by the court; and no error was committed in the refusal of defendant's written charge No. 13.

[17-19] Several of the defendant's requested charges were properly refused by the court for the reason that an acquittal was predicated on the contributory negligence of the plaintiff, and said charges were not limited in application to count 1. Contributory negligence of plaintiff was not an answer to count 5, and the several charges of contributory negligence should have been properly limited to the count to which they had application. Moreover, the oral and special charges were presented for our consideration as a part of the record (Capital Security Co. v. Owen, 72 South. 8;[7] Dorough v. State, 14 Ala. App. 110, 72 South. 208; Chappell v. State [App.] 73 South. 134;[8] Canto v. State [App.] 73 South. 826[9]), and may be considered together in determining whether a reversible error was committed by the court in its instruction to the jury. By the act of September 25, 1915, the refusal of a charge, notwithstanding the charge to be a correct statement of the law, is declared to be no cause for a reversal on appeal, provided it appears that the same rule of law is substantially and fairly given to the jury in the court's general charge, or in charges given at the request of parties. Gen. Acts 1915, p. 815; Reynolds v. State, 72 South. 20;[10] Randall v. State (App.) 72 South. 214.[11] We have examined the oral charge in connection with the several refused charges seeking to instruct the jury as to the contributory negligence of the plaintiff, and find that the jury were substantially and fairly instructed as to this issue as presented by the pleadings in and to the first count of the complaint. We need indulge no further detailed discussion of the several refused charges presenting this question.

[20] The statute does not impose upon the employé the duty to notify the employer or master, who has notice or knowledge of the defect that caused the injury. There was no error in giving plaintiff's written charge No. 27. Southern Railway Co. v. McGowan, supra.

It results from the foregoing that the judgment of the city court of Birmingham must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

<hr/>

&#x21dd;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[7] 196 Ala. 385.    [8] 15 Ala. App. 227.    [9] 15 Ala. App. 480.    [10] 196 Ala. 586.    [11] 14 Ala. App. 122.