(110 So. 131)

## CARBON HILL CONSOL. COAL CO. v. SANBORN. (6 Div. 739.)

(Supreme Court of Alabama. Oct. 28, 1926.)

**1. Appeal and error ⬄1170(3)—Error in sustaining demurrer to plea is without injury, where issue was litigated by oral testimony (Supreme Court rule 45).**

In suit for work and labor, error in sustaining demurrer to defendant's plea of nonperformance of contract *held* without injury, where issue was presented and litigated by oral testimony, in view of Supreme Court rule 45.

**2. Work and labor ⬄12—Claim for work and labor cannot be defeated on ground that it was not according to contract, where only objection was to excessive price charged.**

Defendant cannot defeat claim for work and labor on ground that it was not done according to contract, where, for a year after completion of work, his only objection was to excessive price charged, and not to character of work.

**3. Appeal and error ⬄1058(2).**

Sustaining objection to question as to trouble with engine repaired by plaintiff cannot be complained of by defendant, where witness was later permitted to state what the trouble was.

**4. Appeal and error ⬄1052(3)—Error in refusing to exclude answer as not responsive held cured by subsequent explanation making answer responsive and relevant.**

In suit for work and labor, error in refusing to exclude answer as to reasonable charge for services as not responsive to question *held* cured by witness' subsequent explanation making answer responsive and relevant.

**5. Appeal and error ⬄1058(1)—Refusal to allow witness to testify on certain matter held not error, where testimony was otherwise admitted.**

In suit for work and labor, refusal to allow defendant's witness to state defects in engine after repairs by plaintiff *held* not injurious to defendant, where court otherwise admitted such testimony.

**6. Limitation of actions ⬄199(1)—Under conflicting evidence, it was for court, trying case without a jury, to decide whether action was barred by statute of limitations (Code 1923, § 8967).**

Where evidence was conflicting as to when compensation for work performed by plaintiff was due and payable, it was for court to decide whether action for work and labor, tried by court without jury, was barred by statutes of limitations under Code 1923, § 8967.

**7. Appeal and error ⬄1011(1).**

Conclusion by court trying case without jury, based on conflicting evidence, will not be disturbed, unless plainly against great weight of evidence.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action on the common counts by Mrs. E. T. Sanborn against the Carbon Hill Consolidated Coal Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Sowell & Gunn, of Jasper, and Zack P. Shepherd, of Carbon Hill, for appellant.

Plea 6 was not subject to demurrer. Hodges v. Sublett, 91 Ala. 588, 8 So. 800; Kenan v. Lindsay, 127 Ala. 270, 28 So. 570; Sturdivant v. Dixie Co., 197 Ala. 280, 72 So. 502. The court should have found for defendant under the plea of the statute of limitations. Baker v. Barclift, 76 Ala. 414; Higgins Mfg. Co. v. Pearson, 146 Ala. 528, 40 So. 579; Larue v. Kershaw Co., 177 Ala. 441, 59 So. 155; 37 C. J. 822. Defendant's motion for a new trial should have been granted. Beard v. Ryan, 78 Ala. 37; Hairston v. Sumner, 106 Ala. 381, 17 So. 709; Code 1923, §§ 8947, 8963; 17 C. J. 447; Wye Shipping Co. v. Hunter-Benn & Co., 211 Ala. 326, 100 So. 475; So. L. & H. Ins. Co. v. Morgan, 21 Ala. App. 5, 105 So. 161. If the work was done in such manner as to be of no benefit to defendant, plaintiff cannot recover. Hawkins v. Gilbert, 19 Ala. 54; Russell v. Bush, 196 Ala. 315, 71 So. 397; 40 Cyc. 2826.

M. E. Nettles, of Jasper, and Thompson & Thompson, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a suit by Mrs. E. T. Sanborn, doing business under the name of W. T. Sanborn & Co., against Carbon Hill Consolidated Coal Company, a corporation, for $460.89, in four counts: (1) On account; (2) on account stated; (3) for merchandise, goods, and chattels sold; and (4) for work and labor done, etc. The court tried the case without a jury, and rendered judgment for the plaintiff for $356.38, and from it this appeal is prosecuted by the defendant.

The defendant filed eight pleas, numbered from 1 to 8, both inclusive to the complaint. Plaintiff demurred to pleas numbered 2, 5, 6, 7, and 8. The court sustained demurrers to plea 2, which was the statute of limitations of three years, to count 2, and overruled them as to all the other counts.

The court sustained demurrers to plea 6, and overruled them to pleas 5, 7, and 8.

This suit is for work and labor done by the plaintiff for the defendant in repairing its dinky engine, and for material furnished to repair, and railroad fare paid in going from and returning to her place of business to place where the engine was located for the purpose of examining the engine.

The defendant insists the court erred in

sustaining demurrers to its plea 6. This plea set up that plaintiff "agreed to fix it (the engine) so that it would not break the main drive pin, and did undertake to fix it so that it would not break the said main drive pin, but that plaintiff failed to fix or repair said dinky, as plaintiff agreed and undertook to do."

[1, 2] Whether the court erred in this ruling we need not decide, as it appears the issue presented by it was litigated by the parties, by the oral testimony, and the court on much oral and some written evidence, pro and con, on that subject correctly decided the issue in favor of the plaintiff. This ruling of the court did not affect the substantial rights of the defendant. The evidence shows three letters written by the defendant to plaintiff on the subject of this account and the statement sent it. One was written within 30 days after the work was completed and the engine delivered to defendant; one about 2 months thereafter; and one over a year thereafter. One letter claims the amount claimed, $460.89, "seems excessive to us," and that an "error has been made in the aggregate amount." The next letter states, "The charge for the whole work seems entirely too much," and the other letter states, "You charged us about two prices for this work."

In no letter does defendant complain because the work done and the material furnished were not in accordance with the contract; but each claims the only objection is to the excessive price, and calls for an itemized statement.

The oral testimony presents the issue and the conflicts as to the contract and its nonperformance. So we must hold, if this ruling of the court was error, it was without injury to the substantial rights of the defendant. Rule 45 of this court; Vance v. Morgan, 198 Ala. 149, headnote 4, 73 So. 406.

[3] The court sustained objection of plaintiff to these questions, asked by defendant of a witness: "What was the main trouble you were having with the dinky?" "Well, what was the trouble with it (meaning this engine)?" The court afterwards allowed the witness to state that the trouble with it was, "The main drive pin would break." So defendant cannot complain at this ruling of the court.

[4] One witness for plaintiff was asked by her attorney: "Did you know what would be a reasonable charge (meaning per hour for work in repairing the engine)?" He replied: "We classed them at $1.70 per hour." The court would not exclude this answer on motion of the defendant on the ground it was not responsive to the question, etc. The witness immediately stated: "That was reasonable. At that time that was a reasonable price for that class of labor." This error, if any, by the court was cured by the explanation afterwards of his answer made by this witness. This rendered it responsive and relevant.

[5] The court sustained plaintiff's objections to the following questions propounded to a witness by the defendant:

"State to the court whether or not you derived any benefit from the work that he put on it?" "Was the same defect in it after the work was done that was there before?"

This and other witnesses were allowed by the court to go into full details as to the condition of the engine, its defects, and how it operated, before and after the repairs were made on it, and the defendant was not injured by these rulings of the court, if they were errors, which we do not decide.

[6] The defendant insists the court erred in not finding, from the evidence in favor of the defendant, on the plea No. 2, which was the statute of limitations of 3 years.

The amount of the account for services rendered and material furnished was in dispute. The parties did not agree on the amount. The plaintiff claimed it was due and payable on "the 31st day of January, 1921," and the defendant denied liability under the contract, but claimed the amount was due and payable "when the work was finished."

The complaint was filed and the summons issued on the 30th day of January, 1924. Section 8967, Code of 1923.

There was evidence of the defendant tending to show the engine was repaired and returned during the month of December, 1920, and the amount due plaintiff therefor was payable "when the work is finished," and it was finished prior to December 28, 1920.

The evidence for plaintiff tended to show the work was completed and the engine delivered to defendant, finished, in December, 1920; and on December 31, 1920, she rendered defendant a written statement of the amount due, and terms stated thereon were: "Terms net 30 days." And on March 1, 1922, plaintiff sent defendant another statement of this amount, in which she stated "accounts are payable monthly."

It appears, from the tendency of the evidence of the plaintiff, that the account was due and payable on the 31st day of January, 1921, and, from the evidence of the defendant, that it was due "when the work was finished," which was on, or prior to, December 28, 1920.

Under the conflicting tendencies of the evidence, it was for the court to decide whether the action was barred by the statute of 3 years, as set up in plea 2. The evidence was also in clear conflict as to whether under each and all the issues the plaintiff was entitled to recover.

[7] The court heard the witnesses testify. He saw them, and observed their demeanor when testifying. Under such circumstances this court will not disturb the conclusion reached by the trial court, unless plainly con-

trary to the great weight of the evidence. It appears to us the conclusion reached by the trial court is sustained and supported by the evidence, and it will not be disturbed by us; but will be and is, affirmed. Finney v. Studebaker, 196 Ala. 422, 72 So. 54; Bell v. Blackshear, 206 Ala. 673, 91 So. 576.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.