(125 So. 26)

**SCHWARTZ MOTOR CO. et al. v. BRADLEY REAL ESTATE & INS. CO.** (6 Div. 310.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellants.

296

BROWN, J. This is an action of assumpsit to recover unpaid rent accruing under a lease executed by the defendant and others for certain property in the city of Bessemer, to be occupied by the Schwartz Motor Company as a garage and salesroom; the lease running from the 1st day of December, 1925, until the 1st day of December, 1926, at a rental of $150 payable in advance, with a provision that, if the lessee should continue to occupy the premises after the expiration of the term, the provision of the lease should apply to and govern the rights and liabilities of the parties.

The trial was by the jury on count 2 of the complaint and the general issue pleaded in short by consent with leave.

Count 2 claims $175, with interest thereon, and avers "that said lessees did continue on said premises after December 1st, 1926, and until, to-wit, April 1st, 1927, and that the terms of said lease applied to, in all respects, said term so extended, *and defendant and the said lessees failed and have continued to fail to pay said $175.00 of the rent falling due under said lease and said extension thereof*," etc. (Italics supplied.)

The demurrer to this count, which was overruled by the trial court, takes the point that the averments of the count, which we have italicized, are too indefinite to inform the defendant as to the time of the accrual of the unpaid rent.

We are of opinion that the demurrer was well taken; the averment is broad enough to cover rents accruing under the lease at any time during the original term, as well as the extended term, and is lacking in certainty to a common intent as to when the unpaid indebtedness accrued and became due. This much is necessary to state a cause of action under the common counts. Code, § 9531, form 10; Smythe v. Dothan T. & M. Co., 166 Ala. 253, 52 So. 398; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804; Weller & Co. v. Camp, 169 Ala. 275, 52 So. 929, 28 L. R. A. (N. S.) 1106.

In Jefferson County v. Gulf Refining Co. of La., 202 Ala. 512, 80 So. 798, 800, it was observed "that the certainty required in declaration, or plea, is such a statement of the facts constituting the cause of action, or ground of defense, as will enable them to be understood by the party who is to answer them, the jury who are to ascertain their truth, and the court who is to give judgment."

The statute (Code [1907] § 5321) which enjoins brevity as far as consistent with perspicuity, and the presentation of facts in an intelligible form so that material issue in law or fact can be taken thereon by the adverse party, has not impaired the substance of the requirement stated in the early cases. * * * A man shall not be permitted to spread his net so that with one sweep he may catch everything."

There being but one count in the complaint upon which the case was tried, there is no room for application of the doctrine of error without injury as illustrated and applied in Henderson v. Tennessee Coal, Iron & Ry. Co., 190 Ala. 126, 67 So. 414. In Sovereign Camp, W. O. W. v. Ward, 201 Ala. 446, 78 So. 824, the complaint consisted of three counts, the first of which had been held sufficient on a former appeal (196 Ala. 327, 71 So. 404), and there was nothing in the record on the second appeal from which it could be affirmed, that the counts added by amendment had any influence on the result of the second trial. In Vance v. Morgan, 198 Ala. 149, 73 So. 406, the ruling was in respect to a plea of contributory negligence which failed to "invoke with technical precision the complete rule of duty which the law casts upon a traveler [plaintiff] who has notice of the presence of a dangerous excavation, nevertheless, the oral charge of the trial judge very clearly and correctly" presented the duty to the jury "as the decisive issue, viz., whether or not plaintiff 'did that which a reasonably prudent person wouldn't do, in view of all the facts and circumstances.'"

In Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74, the appellant complained of overruling of a demurrer to a replication, which was held harmless because the true issue of the case was submitted to the jury.

In Jackson v. Vaughn, 204 Ala. 543, 86 So. 469, 471, the record disclosed "that the trial court by an appropriate charge instructed the jury specifically as to the necessity of proving the omitted allegation."

These cases do not sustain the ruling in the instant case, where, as we have shown, the *defendant was not sufficiently advised* as to when the debt accrued or was due and payable, and the single count is so drawn as to constitute a net to cover every single instant of time from the beginning of the original term to the end of the extended term.

We are therefore of opinion that the court erred to a reversal in overruling the demurrer.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.