144 So. 5

DUDLEY v. ALABAMA UTILITIES SERVICE CO.

7 Div. 93.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 3, 1932.

Ross Blackmon, of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

**KNIGHT, J.**

As a result of a collision between a motorcycle upon which plaintiff was riding, and a motortruck operated by one of defendant's servants, the plaintiff, a boy of eighteen years of age, suffered certain personal injuries. This suit is prosecuted by the plaintiff against the owner of the truck to recover damages for the injuries so sustained by him.

Count A charges simple negligence, while count B ascribes plaintiff's injuries to the wanton misconduct of defendant's servant or agent in the operation of the motortruck.

The accident occurred at the intersection of Seventh street and Wilmer avenue, in the city of Anniston, Ala.

In addition to the plea of the general issue, the defendant interposed a number of special pleas, each setting up the defense of contributory negligence on the part of the plaintiff. These pleas of contributory negligence were limited, of course, to the count charging simple negligence.

There was a verdict in favor of the defendant, and judgment accordingly.

The errors assigned by appellant relate to certain charges given by the court at the written request of the defendant.

Charge 16, given at the request of the defendant, was in the following language: "The court charges the jury that if you believe from the evidence that the plaintiff was himself guilty of the slightest negligence which in any way contributed to the injuries received by him, then you cannot find for the plaintiff under count A of the complaint." Confessedly this charge was bad, and should not have been given. It was bad for the reason that it failed to hypothesize that such negligence "proximately" contributed to the injuries. Brooks v. Rowell, 222 Ala. 616, 133 So. 903; McCaa v. Thomas, 207 Ala. 211, 92 So. 414; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 635, 108 So. 596; Godfrey v. Vinson, 215 Ala. 166, 167, 110 So. 13; Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 So. 685; Reaves v. Anniston Knitting Mills, 154 Ala. 565, 45 So. 702. Of course, the error in giving this erroneous charge was not cured by the fact that, in the court's oral charge, or in other special charges given at the request of

defendant, the jury were properly instructed that only such negligence as *proximately* contributed to his injury could be considered. Birmingham Ry., L. & P. Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Roberson v. State, 183 Ala. 43, 62 So. 837; Ala. T. & N. R. Co. v. Huggins, 205 Ala. 80, 87 So. 546; Birmingham Ry., L. & P. Co. v. Hunt, 200 Ala. 560, 76 So. 918.

But for the reasons hereafter stated, the error in giving the above-mentioned charge would necessitate a reversal of this cause. Likewise, other charges given at the request of defendant may be subject to criticism, but a discussion of them is unnecessary to the determination of this case.

■ The evidence without substantial conflict shows that the truck was traveling along Seventh street, proceeding eastward, and that the plaintiff on the motorcycle was proceeding south along Wilmer avenue; that Seventh street and Wilmer avenue intersect, and that it was within the intersection of these two streets that the accident occurred; that the truck was traveling at a rate of speed of eight to twelve miles an hour, while the speed of the motorcycle was greater. It is without substantial conflict in the evidence that the truck and motorcycle approached or entered the intersection of the two streets at approximately the same time; that the truck was on the right, and had the right of way. The plaintiff, testifying in his own behalf, said: "I saw the truck about twenty feet west of the intersection of Seventh Street and Wilmer Avenue. It was right in the middle of the street. * * * I realized he (meaning the truck driver) had the right of way, but I was closer to the margin of the intersection than he was." Each of the two streets was thirty feet wide. The accident occurred approximately in the middle of the street. It is further made certain by the evidence that the motorcycle ran into the truck, and not the truck into the motorcycle. It further appears that the plaintiff could have stopped his motorcycle within the distance of five or six feet by a proper application of the brakes.

The conclusion, upon a most careful consideration of the evidence, is unescapable that the plaintiff was guilty of the grossest negligence in attempting to pass through the intersection immediately in front of the approaching truck, which confessedly had the right of way, and this negligence on his part proximately contributed to his injury. And, further, the conclusion is unescapable that this contributory negligence on the part of the plaintiff continued to the instant of time that the collision occurred, and that the truck driver was guilty of no subsequent negligence.

■ Whether there was error or not in charging the jury in the terms of defendant's requested instruction 16 cannot avail the plaintiff to a reversal of this cause, because, under the evidence, he was not entitled to a verdict under either count of the complaint, and the court could well have given the general affirmative charge for the defendant.

The rule of our decisions is that if error has intervened in any case on the ground of misdirection of the jury, the giving or refusing of special charges, or as to any matter of pleading or procedure, in any civil case, the judgment following will not, on this account, be reversed, unless the court be of the opinion, as a matter of fact, that this error has probably injuriously affected substantial rights of the parties complaining. Supreme Court Rule 45; Taylor v. Lewis, 206 Ala. 338, 89 So. 581; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Vance v. Morgan, 198 Ala. 149, 73 So. 406; Birmingham Ry. L. & P. Co. v. Broyles, 194 Ala. 64, 69 So. 562; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Navco Hardwood Co. v. Bass, 214 Ala. 553, 557, 108 So. 452.

Applying this rule to the instant case, we are at the conclusion that the judgment appealed from should be here affirmed, and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.