144 So. 572

### GRANT et al. v. McDONALD.

### 8 Div. 434.

Supreme Court of Alabama.

Nov. 25, 1932.

Griffin & Ford, of Huntsville, for appellants.

Brickell & Johnston, of Huntsville, for appellee.

**BROWN, J.**

This is an action on a promissory note; the plaintiffs suing as "The Governing Board of Trustees of the Georgia School of Technology."

The complaint consists of two counts, substantially following form 1 prescribed by section 9531 of the Code for suits on promissory notes. This form first appeared in the Code of 1852 on page 551, and in Jemison & Sloan v. Dearing's Executors, 41 Ala. 283, 291, it was observed: "There is nothing in the Code, which inhibits a partnership note from being given in evidence under a complaint in form of the last on page 551 of the Code, *if the plaintiff is the payee in the note, and the defendants are the makers.*" (Italics supplied.)

And it has been repeatedly held that the forms for complaints in the Code have reduced to a minimum averments necessary to state a cause of action. Smythe v. Dothan F. & M. Co., 166 Ala. 253, 52 So. 398; Schwartz Motor Co. et al. v. Bradley Real Estate & Insurance Co., 220 Ala. 295, 125 So. 26.

■ This form has been brought forward from the Code of 1852 through the several Codes, without change, and, as generally understood by the bench and bar, this form is only applicable to a suit by the payee against the maker of a promissory note.

■ "The Georgia School of Technology," and not the plaintiffs, is named in the note as the payee, and the objection that there was a variance between the averments and proof was well taken, and the court sustained the objection without error. Phillips v. Americus Guano Co., 110 Ala. 521, 18 So. 104; Muse v. Dantzler, 85 Ala. 359, 5 So. 178; McCrummen v. Campbell, 82 Ala. 566, 2 So. 482.

Nor are the plaintiffs aided by the provisions of section 5707 of the Code, which authorize an administrator, a trustee of an express trust, or a person authorized by statute to sue, as this statute applies only to trustees "with whom, or in whose name, a contract is made for the benefit of another," or a trustee whose succession is by operation of law.

■ Actions on promissory notes, bonds, or other contracts, express or implied, for the payment of money, must be prosecuted in the name of the party really interested. Code 1923, § 5699.

There is no error in the record, and the judgment must be affiffirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.